UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENN MICHAEL SWEARENGIN,

Petitioner,

v. Case No. 5:26cv219-TKW-HTC

SECRETARY DEPARTMENT
OF CORRECTIONS,

Respondent.
______________________________/

## REPORT AND RECOMMENDATION

Glenn Michael Swearengin filed a petition under 28 U.S.C. § 2254, attachments, and a memorandum, raising nine (9) grounds challenging his convictions in Bay County Circuit Court. Docs. 1 & 2. In the memorandum, Swearengin asks the Court to stay the case under *Rhines v. Weber*, 544 U.S. 269 (2005) so that he can exhaust Grounds Eight and Nine. Doc. 2 at 1-2. At the Court's request, the Secretary filed a response to the request for a stay and the state court record. Docs. 9 &10. Upon consideration, the Court finds the request for a stay should be denied. Swearengin will have sufficient time to re-file his federal petition after resolving his pending state motions. Thus, the case should be dismissed without prejudice.

## I. Background

On May 16, 2019, Swearengin pled guilty to charges in four cases in circuit court in Bay County involving drug related crimes and child neglect. Doc. 10-10. The same day, he was sentenced to concurrent sentences potentially resulting in 10 years in prison but which would remain suspended if he successfully completed 24 months of community control and 4 years of probation. Doc. 10-10.

Swearengin did not appeal his original conviction. However, on June 15, 2021, he filed a counseled post-conviction Florida Rule of Criminal Procedure 3.850 motion challenging the original conviction, arguing counsel was ineffective for failing to file a motion to suppress and failing to instruct him on a lack-of-constructive-possession defense. Doc. 10-43. The court denied the motion on the merits on July 18, 2022, (Doc. 10-44), and he appealed to the First District Court of Appeal (*See* First DCA Case. No. 1D22-2793). Doc. 10-45. That appeal was pending until August 2023, when the First DCA issued its mandate after issuing a per curiam affirmance without a written opinion and denying a motion for rehearing. *See Swearengin v. State*, 367 So. 3d 479 (Fla. 1st DCA 2023).

In the meantime, Swearengin violated his community control on several occasions by testing positive for controlled substances and being discharged from an inpatient drug rehabilitation program. Doc. 10-21. The last violation occurred

on March 15, 2022, and on July 19, 2022, the court entered a judgment sentencing Swearengin to the original 10-year sentence, less time served. Doc. 10-34.

Swearengin filed an appeal to the First DCA (*see* First DCA Case No. 1D22-2463). That appeal was pending until December 20, 2023, when the First DCA issued an opinion affirming. *See Swearengin v. State*, 375 So. 3d 406 (Fla. 1st DCA 2023). He did not seek certiorari in the United States Supreme Court.

On August 12, 2024, Swearengin filed a *pro se* 3.800 motion to correct illegal sentence (Doc. 10-57), which was denied on March 24, 2025 (Doc. 10-58). The First DCA also denied a subsequent motion for rehearing. He appealed but voluntarily dismissed that appeal on September 30, 2025. Docs. 10-62 & 10-63; *see also,* First DCA Case No.: 1D2025-1331.

In December 2024, Swearengin filed a petition alleging ineffective assistance of appellate counsel ("IAAC") with the First DCA (Doc. 10-52; *see* First DCA Case No.: 1D2024-3184), and an amended petition in March 2025. The First DCA denied the amended petition on the merits on January 21, 2026 (Doc. 10-54). The First DCA also denied a motion for rehearing on April 30, 2026. Doc. 10-56.

On June 11, 2026, Swearengin filed a successive 3.850 motion. Doc. 10-64. On June 17, 2026, the state court struck it as deficient but allowed leave to amend. Doc. 10-65. On August 12, 2026, the state court granted an extension of time to file

an amended successive 3.850 motion, giving Swearengin until October 20, 2026, to file it. Doc. 10-67.

Swearengin filed the instant federal petition on July 22, 2026. Because the successive 3.850 motion, which includes two grounds for relief raised in the instant federal petition,[1] is pending, Swearengin asks that the Court stay this case and hold it in abeyance.

## II. Analysis

A state prisoner must exhaust all state remedies prior to bringing a federal habeas case. 28 U.S.C. § 2254(b)(1)(A) & (c). When a federal habeas petition raises claims that have not been exhausted in state proceedings, the district court ordinarily must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004) (internal quotation marks omitted).

In certain "limited circumstances," however, the Court can grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim—but only when

[1] The two grounds are Ground Eight of the petition, which alleges the warrant package is a fabricated instrument, making the plea involuntary, and Ground Nine, which alleges trial counsel was ineffective for failing to investigate the fabricated warrant. Swearengin asserts that both grounds are based on newly discovered evidence. Doc. 2. Swearengin has not filed an amended petition and his time to do so has not passed. For purposes of this recommendation, the undersigned assumes the amended petition (1) will be filed and (2) will contain grounds for relief which are also raised in the federal petition.

doing so is necessary in "protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Rhines v. Weber*, 544 U.S. 269, 276-79 (2005). In *Rhines*, the Court affirmed a stay of the petition because "if the District Court had dismissed Rhines' mixed petition at that point, he would have been unable to refile in federal court after exhausting the unexhausted claims." *Id.* at 272–73. Swearengin seeks a stay in this case "so that no ground is lost to the limitation period." Doc. 2 at 2. However, as discussed below, a stay is not necessary because Swearengin has more than 100 days *after* the successive 3.850 has been fully resolved to file a federal petition.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal habeas petition must be filed within one year from certain trigger dates. 28 U.S.C. § 2244(d)(1). In this case, the parties agree that the relevant trigger date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Also, the parties agree that the conviction became final for purposes of § 2244(d)(1)(A) when the time for pursuing direct review in the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Additionally, a properly filed post-conviction motion will toll the one-year limitations period until the motion is fully resolved. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or

other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.”).

When a petitioner is in custody based on a violation of probation (“VOP”), the relevant judgment for timeliness purposes is the VOP judgment, not the judgment on the original conviction, even if some claims in the petition challenge the original conviction. *Reilly v. Sec’y, Fla. Dep’t of Corr.*, No. 21-13668, 2023 WL 7179321, at *3 (11th Cir. Nov. 1, 2023) (“since there was a new judgment—i.e., the sentence imposed in 2015 when Mr. Reilly violated his probation—there is no reason to differentiate between his claims challenging the 2009 conviction in his 2021 habeas petition and those challenging the 2015 sentence.”) (cleaned up) (citing *Insignares v. Sec’y, Fla. Dep’t of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014)); *see also Hardin v. Secretary*, 4:18cv563-RH-HTC (N.D. Fla. Nov. 10, 2020) (Doc. 50) (holding that VOP judgment is relevant judgment for timeliness purposes and that “[i]f Mr. Hardin can show that custody on that judgment is unconstitutional, he may obtain relief through this first petition challenging that judgment. And this is so even if the reason custody is unconstitutional is not that constitutional error infected the revocation proceeding but that constitutional error infected the underlying conviction—the underlying conviction, that is, without which the revocation could not have occurred.”).

Therefore, the relevant judgment in Swearengin's case is the July 13, 2022, judgment and sentence. Doc. 10-34. That judgment became final on March 19, 2024, 90 days after the First DCA affirmed it. *See Chamblee v.* Florida, 905 F.3d 1192, 1198 (11th Cir. 2018) (finding judgment for AEDPA purposes became final when the 90-day window for filing a petition for writ of certiorari in the United States Supreme Court seeking review of the First DCA's decision expired).

The AEDPA clock started running the following day and ran until August 12, 2024 (for 145 days), when it was tolled by the filing of a Rule 3.800 motion. That motion tolled the AEDPA clock until September 30, 2025, when Swearengin voluntarily dismissed the appeal. Doc. 10-63. Because, in the interim, Swearengin filed an IAAC petition with the First DCA, the AEDPA clock remained tolled until April 30, 2026, when the First DCA denied Swearengin's motion for rehearing of the First DCA's denial of the IAAC petition. The AEDPA clock ran the following day for another 41 days, until June 11, 2026, when Swearengin filed the successive and pending 3.850 motion.[2] Thus, the total untolled time that has run off the AEDPA

---

[2] Although the circuit court struck the initial successive rule 3.850 motion as facially deficient, it also allowed Swearengin to file an amended motion. Assuming he does so by the deadline, the motion would be "properly filed" for tolling purposes and relate back to the date of the original filing (i.e., June 11, 2026). *See Green v. Sec'y, Dep't of Corr.*, 877 F.3d 1244, 1248 (11th Cir. 2017) (holding that although Green's initial rule 3.850 motion was not "properly filed," under Florida law, "when a postconviction motion is stricken with leave to amend, the amended motion relates back to the date of the original filing.").

Page 8 of 10

clock is 186 days, leaving Swearengin with more than 100 days to re-file a federal petition after the pending 3.850 is fully resolved by the state courts.[3]

## III. Conclusion

Because Swearengin will have more than sufficient time to re-file a federal petition once the successive and pending 3.850 motion is fully resolved in state court, this case does not fit within the narrow exception provided by *Rhines*. Thus, because the petition contains unexhausted claims, the petition should be dismissed without prejudice. *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1343-44 (11th Cir. 2007) (explaining that the district court should dismiss the § 2254 habeas petition without prejudice to allow the petitioner to return to state court and exhaust his claims).

A certificate of appealability is not appropriate in this case. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be

[3] Even assuming the successive 3.850 motion is not "properly filed" because Swearengin either fails to file an amendment or the amended motion is also procedurally deficient (*see Hurley v. Moore*, 233 F.3d 1295 (11th Cir. 2000)), Swearengin would still have over 170 days after June 11, 2026 (early December 2026) to re-file a federal petition, absent additional tolling.

filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

2. The clerk close the file.

At Pensacola, Florida this 14th day of September, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.